**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2931

UNITED STATES OF AMERICA

v.

DENNIS LEIGH BASTIAN,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:09-CR-00198)
U.S. District Judge: Honorable Keli M. Neary
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2026
_____

Before: SHWARTZ, PHIPPS, and McKEE, <u>Circuit Judges</u>.

(Filed: July 7, 2026)

_____

OPINION*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Dennis Bastian appeals the District Court's revocation of his supervised release. Because the District Court did not err in determining that Bastian violated his conditions of release by, among other things, possessing child pornography, we will affirm.

I

Bastian pleaded guilty to one count of enticing a minor to produce and distribute child pornography under 18 U.S.C. § 2242(b) and was sentenced to 120 months' imprisonment and a life term of supervised release. The conditions of Bastian's supervised release prohibited him from, among other things, committing another crime.

A few months after his release from prison, probation officers searched Bastian's residence and uncovered two tablet devices. A forensic examination of the tablets suggested that they contained child pornography so the District Court issued a warrant for Bastian's arrest.

The District Court held a revocation hearing and heard testimony from the probation officer who recovered the devices and an FBI special agent who reviewed four media files found on one of the devices. Although the Government did not offer the files into evidence, the agent testified that the devices contained a video and three screenshots depicting two nude female minors, displaying their genitalia and engaging in sexual acts.[1] The agent testified that he did not know the minors' birth dates but conservatively estimated their age as thirteen based on a lack of indicia of puberty, including a lack of

_____

[1] The agent testified that he had seen the same video, or a still image from it, in another child sexual abuse investigation.

2

prominent pubic hair, narrow hips, and undeveloped breasts. Based on that testimony, the District Court found by a preponderance of the evidence that Bastian possessed child pornography in violation of his conditions of supervised release, specifically that he not commit another crime,[2] and it sentenced him to twenty-four months' imprisonment followed by the already-imposed life term of supervised release.

Bastian appeals.[3]

## II[4]

A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the releasee violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); see also United States v. Stimpson, 113 F.4th 350, 354 (3d Cir. 2024) ("The preponderance of the evidence standard simply asks: 'Is it more likely that something happened than not?'" (citation omitted)). The court may "rely on the facts presented at the revocation hearing in analyzing the nature of [the releasee's] violation, and [it is] not limited by the charges filed or offenses of conviction." United States v. Carter, 730 F.3d 187, 192 (3d Cir. 2013).

---

[2] Possession of child pornography is prohibited under 18 U.S.C. § 2252A(a)(5)(B).
[3] Bastain does not challenge the finding that he also violated the conditions that required him to participate in a sex offender treatment program, truthfully report to a probation officer, and comply with computer monitoring procedures.
[4] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. We review a sufficiency-of-the-evidence challenge to a district court's determination that the defendant engaged in new criminal conduct for clear error. United States v. Maloney, 513 F.3d 350, 356-57 (3d Cir. 2008).

Bastian argues that there was insufficient evidence for the District Court to find that the individuals depicted were minors and that he therefore possessed child pornography. He is incorrect. Although the Government did not introduce the files into evidence, the agent testified that he reviewed the files and described for the Court what he saw. He testified that he saw two females engaged in sexual activity and that, based on his training and experience and their physical attributes, he could conclude they were approximately thirteen years old. Given that a law enforcement officer's testimony is sufficient to support a jury's conclusion beyond a reasonable doubt that the individuals depicted in alleged child pornography are minors, see United States v. Brown, 862 F.2d 1033, 1039-40 (3d Cir. 1988), it is certainly sufficient to support the same conclusion under the lower preponderance standard, see Stimpson, 113 F.4th at 354. The agent's conclusion is corroborated by his testimony that he has years of training and experience identifying child sexual abuse material. Furthermore, the probation officer's testimony that Bastian concealed the devices from Probation supports the inference that Bastian knowingly possessed and sought to hide contraband.

Thus, the District Court did not clearly err in determining that Bastian violated a condition of his supervised release by possessing child pornography.

III

For the foregoing reasons, we will affirm.